UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-162 |
| | ) | (VARLAN/SHIRLEY) |
| RICHARD EUGENE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court via a telephone conference on April 3, 2008, on Defendant Richard Eugene Jones's Motion to Continue [Doc. 11], filed April 1, 2008. Assistant United States Attorney Tracy Stone ("AUSA Stone") participated on behalf of the government. Attorney Kim Tollison ("Attorney Tollison") participated on behalf of Defendant. The government did not oppose Defendant's Motion to Continue.

By way of motion, Defendant requests an extension of the motion cut-off deadline and a continuance of the pretrial conference as well as the trial date, which is currently set for April 23, 2008. In support of his client's motion, Attorney Tollison stated, through no fault of the government, that some crucial discovery was late in arriving. Attorney Tollison further stated this discovery necessitates his filing of a motion to suppress on behalf of his client. Attorney Tollison advised the Court he would have the motion to suppress filed by Monday, April 7, 2008. Attorney Tollison expressed that obtaining a ruling on the suppression issue is in Defendant's best interest and that he believes all the time between the date of the filing of the pretrial motion, April 1, 2008,

and the new date of the trial is excludable from the operation of the Speedy Trial Act. He agreed that the need to resolve these important issues of evidence suppression outweigh the interest of Defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Stone further agreed that the time between the date of the filing of pretrial motion and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendant and the public in a speedy trial. AUSA Stone also agreed the government's response to Defendant's pretrial motions are due on or before April 21, 2008.

Given the approaching April 23, 2008 trial date, the Court finds that the failure to grant a continuance would deprive Defendant of the time to pursue his pretrial motions, including a suppression motion, which have yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a motion hearing in this matter on **May 2, 2008 at 1:30 p.m.** The Court will then need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the suppression issue. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have 10 days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of the Court's rulings. The Court finds that all of this could not be accomplished before the trial date of April 23, 2008, or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Requiring Defendant Jones to go to trial as originally scheduled would likely result in a miscarriage of justice.

See 18 U.S.C. § 3161(h)(8)(B)(I). Thus, the Court has reset the trial to **July 9, 2008.**

Accordingly, the Court **GRANTS** Defendant's Motion to Continuance. The Court further finds that the time between the date of the filing of pretrial motions, April 1, 2008, and the new trial date, July 9, 2008, is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(1)(F), -(J),-(8)(A)-(B).

Accordingly, it is **ORDERED**:

>(1) Defendant's Motion to Continue **[Doc. 11]** is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **July 9, 2008**, **at 9:00 a.m.**, before the Honorable Thomas Varlan, United States District Judge;
>
>(3) All the time between the **April 1, 2008** filing of pretrial motions and the new trial date of **July 9, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
>(4) Defendant's pretrial motions are due on or before **April 7, 2008**;
>
>(5) The government has until **April 21, 2008**, to file its responses to Defendant's pretrial motions;
>
>(6) A Motion Hearing will be held on Defendant Jones's pretrial motions on **May 2, 2008 at 1:30 p.m.** before the Honorable C. Clifford Shirley, United States Magistrate Judge.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge