UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-162 |
| | ) | (VARLAN/SHIRLEY) |
| RICHARD EUGENE JONES, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The defendant, Richard Eugene Jones ("Defendant"), is charged with one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Defendant filed a motion to suppress [Doc. 14] all evidence obtained as a result of an allegedly illegal detention and search of a vehicle Defendant was driving on or about August 28, 2007. Following an evidentiary hearing on the motion to suppress on May 2, 2008, and the filing of supplemental briefs, Magistrate Judge C. Clifford Shirley filed a report and recommendation ("R&R") [Doc. 24], in which he recommended that the motion to suppress be denied. This matter is before the Court on Defendant's objections [Doc. 30] to the R&R.

**I. STANDARD OF REVIEW**

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected. In doing so, the Court has carefully considered Judge Shirley's R&R, the underlying briefs [Docs. 14, 15, 16, 18, 23], the parties' briefs regarding the pending objections [Docs. 30, 31], the transcript of

proceedings before Magistrate Judge Shirley [Doc. 17], and exhibits presented. [*See* Doc. 20.] For the reasons set forth herein, the Court will sustain in part and overrule in part Defendant's objections, and the motion to suppress will be denied.

## II. ANALYSIS

### A. Objection 1

Defendant objects to Magistrate Judge Shirley's finding that Officer Moore's "request for a drug detecting dog as made at 1:49 or 1:50 a.m." [*See* Doc. 24 at 2.] Defendant contends that the record is clear that the call for a canine unit was made at 1:49 a.m. After reviewing the video of the traffic stop, the Court agrees with Defendant that Officer Moore initiated the request at approximately 1:49:02 a.m. and that Officer Perry responded he was en route to Officer Moore's location at approximately 1:50:41 a.m. [*See* Doc. 20, Exhibit 1.] Accordingly, Defendant's objection to the time that Officer Moore requested a canine unit is **SUSTAINED**.

### B. Objection 2

Defendant's second objection is to Magistrate Judge Shirley's determination that the scope and duration of the stop by Officer Moore did not last longer than necessary. In support of this argument, Defendant relies on the Sixth Circuit's recognition that once a police officer has all the necessary information to write a citation, the purpose of the traffic stop is completed in the time necessary for the police officer to issue a citation and send the defendant on his way. *United States v. Blair*, 524 F.3d 740, 752 (6th Cir. 2008). In the present case, Defendant questions why a canine unit was called since the stop involved a

license plate lighting violation, contends that it should not have taken Officer Moore five to ten minutes to write the citation, and further argues that the actions of the Defendant and his grandmother provided no good reason for Officer Moore to delay completing the citation.

The Government responds that the Court should adopt Magistrate Judge Shirley's R&R because the present case is distinguishable from *Blair*. In particular, the Government contends that the present case is distinguishable because it does not involve a traffic stop that was delayed beyond a justifiable length by an unjustified *Terry* detention. In other words, the Government argues that the traffic stop in the present case was without defect because it was not delayed beyond the time necessary to conduct the necessary business of the stop.

The Supreme Court has recognized that conducting a dog sniff of a vehicle does not change the character of a traffic stop that is lawful at its inception and otherwise executed in a reasonable manner. *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). To the extent Defendant questions why a canine unit was called in this case, the Court is guided by *Caballes*, in which a canine unit arrived at a traffic stop after overhearing a transmission that a defendant was stopped for speeding. *Id.* at 406. In that case, the Supreme Court found no constitutional violation when the canine unit circled the defendant's vehicle as another officer was in the process of writing a warning ticket. *Id.* at 406, 410. Thus, the dog sniff in this case was not unlawful so long as the traffic stop was not "prolonged beyond the time reasonably required to complete that mission." *Id.* at 407. In *Blair*, the Sixth Circuit determined that the police officer extended the scope and duration of the stop beyond that necessary to issue citation when he informed the defendant that he believed drugs were in

the car and that he would call a canine unit to the scene. *Blair*, 524 F.3d at 752. The police officer and Blair then waited approximately thirteen minutes for the canine unit to arrive. *Id.* at 746. The Sixth Circuit also held that the police officer in *Blair* did not possess the reasonable, articulable facts necessary to initiate a *Terry* stop. *Id.* at 752. The Court notes that, unlike *Blair*, a *Terry* stop is not at issue in the present case. Thus, *Blair* is applicable to the present case to the extent it addresses the issue of scope and duration of an initially valid traffic stop.

When viewed under a totality of the circumstances standard, the record fails to indicate that Officer Moore improperly or purposefully extended the traffic stop akin to *Blair*. Under ideal circumstances, Officer Moore testified that he could fill out the citation in five to ten minutes because he has to write slowly due to his not having "very good handwriting." [Doc. 17 at 36.] Tasks include radioing information about the driver and then simultaneously looking at the license, monitoring the radio, looking at the stopped person, getting the clipboard ready, getting the paper out, finding a court date, and writing pertinent information on the citation form. [Doc. 17 at 21-22, 47-48.] Other circumstances in this case also added time to the citation issuance. For instance, time was added due to Officer Moore watching his surroundings while completing the citation issuance tasks and the need to look up the local citation number for the license plate lighting violation. [*See* Docs. 17 at 22, 26; 20, Exhibit 2.] In addition to filling-out the form, Officer Moore then needed time to explain the citation to the Defendant. [Doc. 20, Exhibit 1.] Though Defendant contends that it was

"human nature" for Officer Moore to slow down to allow the canine unit to arrive on the scene, he has cited no evidence in the record to support this contention.

Even more time was added to the traffic stop due to the actions of the Defendant and his grandmother. From approximately 1:52:49 a.m. until approximately 1:55:27 a.m., Officer Moore's opportunity to fill-out the citation form was interrupted by the arrival of Defendant's grandmother on the scene. [Doc. 20, Exhibit 1.] While Defendant contends that the arrival of Defendant's grandmother is irrelevant because the citation should have been issued before Defendant's grandmother arrived, the Court is unpersuaded given the number of tasks and the totality of circumstances described above. Defendant also contends that there was "no reason" for Officer Moore to interrupt the citation issuance to talk to Defendant's grandmother. However, a review of the traffic stop video shows an unknown individual approaching the driver's side of Defendant's vehicle who does not identify herself as Defendant's grandmother until approximately 1:54:02 a.m. [Doc. 20, Exhibit 1.] Contrary to Defendant's contention, there was a degree of safety concern for both Officer Moore and the Defendant since an unidentified individual was approaching the stopped vehicles at a late hour of night. [Doc. 20, Exhibit 1.] In light of such safety concerns, the Court finds that Officer Moore did not unlawfully extend the duration of the traffic stop when he spoke to Defendant's grandmother.

At approximately 1:57:07 a.m., Officer Moore approached Defendant's vehicle to explain the citation and the license plate lighting violation. [Doc. 20, Exhibit 1.] Officer Moore and Defendant then went to Officer Moore's vehicle and engaged in a discussion

regarding the license plate lighting violation, the arrival of the canine unit, and Defendant's encounter earlier in the evening with another police officer. [Doc. 20, Exhibit 1.] Notably, it is Defendant who raised the latter topics while Officer Moore attempted to return to the issue of the traffic citation. [Doc. 20, Exhibit 1.] Thus, Defendant's actions further extended the duration of the stop with his questions and comments toward Officer Moore until the citation issuance was completed at approximately 2:04:00 a.m. [Doc. 20, Exhibit 1.]

The present case is analogous to *United States v. Hill*, in which defendants contended that the police officer "consciously tailored the stop to draw out its duration so as to allow time to investigate his 'hunch' that [d]efendants were using the U-Haul to transport drugs." 195 F.3d 258, 268 (6th Cir. 1999). In *Hill*, the Sixth Circuit rejected this contention where "the record shows that [the police officer] did not purposefully extend the purpose of the traffic stop." *Id.* at 269 (describing the record as showing the officer writing a citation, retrieving a rental agreement from the U-Haul, speaking with one of the defendants, running a check on the other defendant's license, waiting for the results, and questioning a defendant about his travel plans all during the traffic stop). Likewise, the record does not indicate that Officer Moore purposefully extended the traffic stop in this case. In addition to the typical tasks of issuing a citation, Officer Moore encountered interruptions outside of his control by Defendant's grandmother and Defendant that added time to the traffic stop. The record indicates that when Officer Moore encountered these interruptions, he shortly returned to the task of issuing a citation. Finally, there is unrebutted testimony that Officer Moore would have allowed Defendant to leave once the traffic citation was issued regardless of whether

the canine unit had arrived. [Doc. 17 at 43.] Thus, the Court will **OVERRULE** Defendant's objection to Magistrate Judge Shirley's determination that the scope and duration of the stop by Officer Moore did not last longer than necessary.

## III. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS in part** the Report and Recommendation of Judge Shirley [Doc. 24], and Defendant's motion to suppress [Doc. 14] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE