UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-162 |
| | ) | (VARLAN/SHIRLEY) |
| RICHARD EUGENE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on August 25, 2008, for a hearing on the Motion to Withdraw as Counsel [Doc. 36] filed on August 21, 2008, by Attorney Kim A. Tollison, appointed attorney for Defendant Jones. Mr. Tollison was present, and Assistant United States Attorney Tracy L. Stone appeared on behalf of the government. The defendant was also present.

At the hearing, Mr. Tollison argued that the Federal Defenders Services of East Tennessee (FDSET), for whom he works, had a conflict in representing the defendant because of its representation of another client. He stated that he had discussed the conflict with the defendant. The government stated that it had no objection to Attorney Tollison's motion. The Court questioned the defendant, who stated that he did not object to Mr. Tollison's withdrawal but that he did not want to waive any issues relating to counsel's effectiveness.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the fact that a conflict exists, the undersigned finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel [**Doc. 36**], the same is **GRANTED**, and Mr. Tollison is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. Also at the August 25, 2008 hearing, Attorney G. Scott Green appeared and agreed to accept representation of the defendant  The Court therefore and hereby substitutes and appoints Mr. Green under the Civil Justice Act (CJA) as counsel of record for the defendant.

The trial of this case was to have occurred on the hearing date of August 25, 2008. The parties agreed that additional time was necessary to allow Attorney Green to familiarize himself with the case and to prepare for trial. Mr. Tollison stated that he would give his file and the discovery provided by the government to Mr. Green later that day. The parties agreed on a new trial date of December 2, 2008. The Court found in light of Mr. Green's recent entry into the case as well as the possibility that he might determine the need to file pretrial motions that the time between the August 25, 2008 hearing and the new trial date is both necessary and fully excludable.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting that the case was scheduled to be tried on the date that Mr. Green was appointed, the Court finds that the failure to grant a continuance would deprive the defendant of time to prepare for trial with the benefit of conflict free representation. See 18 U.S.C. § 3161(h)(8)(B)(iv). Mr. Green will need time to review discovery, to decide whether he will file any motions on behalf of the defendant, and to prepare for trial. If additional motions are filed, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(F) & (J). Finally, the parties will need time to prepare for trial in light of any such rulings. The Court finds that all of this could not take place before the August 25, 2008 trial date or in less than three and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **December 2, 2008**. The Court also finds that all the time between the August 25, 2008 hearing and

3

the new trial date of December 2, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B). With regard to further scheduling, the Court declines to set a new motion filing deadline at this time. If the defendant discovers the need to file a pretrial motion, he may move the Court for leave to file the motion out of time. The undersigned entered a pretrial order [Doc. 29] in this case on July 17, 2008. The Court finds no need to enter a new pretrial order or set another pretrial conference at this juncture.

>Accordingly, it is ordered:
>
>(1) Attorney Tollison's Motion to Withdraw as Counsel [**Doc. 36**] is **GRANTED**, and Mr. Tollison is permitted to withdraw as the defendant's counsel of record;
>
>(2) Attorney G. Scott Green is appointed under the Civil Justice Act (CJA) as counsel of record for the defendant;
>
>(3) The August 25, 2008 trial date is **CONTINUED**;
>
>(4) The trial of this matter is reset to commence on **December 2, 2008**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge; and
>
>(5) All time between the **August 25, 2008** hearing and the new trial date of **December 2, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.
>
>**IT IS SO ORDERED.**
>
>ENTER:
>
>   s/ C. Clifford Shirley, Jr.
>United States Magistrate Judge