UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-162 |
| ) | (VARLAN/SHIRLEY) |
| RICHARD EUGENE JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The pending pretrial motions in this case have been referred [Doc. 50] to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on March 4, 2009, for a hearing and oral argument on the Motion For Leave To File Further Motions [Doc. 44] filed on January 27, 2009, by Attorney David Eldridge, appointed attorney for Defendant Jones. Mr. Eldridge was present, and Assistant United States Attorney Tracy L. Stone appeared on behalf of the government. The defendant was also present.

Defendant has filed a Motion For Leave To File Further Motions [Doc. 44]. Specifically, defendant seeks leave to file two motions to suppress, a Motion to Suppress Evidence As a Result of Traffic Stop [Doc. 47] and a Motion to Suppress Evidence Seized As a Result of Dog Sniff [Doc. 45]. The defendant has also filed Memorandum In Support of each Motion [Docs. 48 and 46 respectively]. The government has filed a Response objecting to defendant's Motion To File Further Motions [Doc. 49]. The defendant has filed a Reply [Doc. 51], and the government has filed

a Response to the Reply [Doc. 52]. Defendant filed a supplemental clarification memorandum [Doc. 55] on March 19, 2009.

## **PROCEDURAL HISTORY**

The defendant's original motion-filing deadline was March 24, 2008 [Doc. 8]. Defendant sought both a trial continuance and an extension of the motion-filing deadline on April 1, 2008 [Doc. 11]. The motion deadline was extended to April 7, 2008, and the trial continued based on defendant's claim of the late production of discovery and need to file a Motion To Suppress [Doc. 13]. Defendant timely filed his Motion To Suppress [Doc. 14] alleging an illegal detention and search, an unreasonably extended detention, and an arrest without probable cause. No additional requests for extensions have been made since the motion-filing deadline was extended to April 7, 2008, until the instant request.

In the Court's Pretrial Order entered July 17, 2008 [Doc. 29], it is specifically provided that "no more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed" [Doc. 29, ¶ (f)].

At the evidentiary hearing on the defendant's original Motion To Suppress, there was testimony regarding the basis for the traffic stop (a non-functioning license tag light) and regarding the nature and extent and validity of the dog sniff. The defendant was present at the hearing. There were no substantial issues raised by defendant with regard to either the tag light or dog sniff issues. Thereafter, the defendant filed a supplemental brief on May 23, 2008 [Doc. 18], which neither mentioned nor contested either issue. After this Court's ruling on defendant's Motion To Suppress

2

by Report and Recommendation [Doc. 24], the defendant filed objections to the Report and Recommendation [Doc. 30]. Defendant's objections, months after the evidentiary hearing, neither mentioned nor contested the issues of the tag light nor the validity of the dog sniff.

Subsequently, defendant's attorney Kim Tollison moved to withdraw due to a conflict with another client [Doc. 36]. The motion was granted on August 25, 2008, and the Court appointed Scott Green to represent defendant [Doc. 39]. On October 20, 2008, attorney Green moved to withdraw [Doc. 40], and following a hearing on that motion, defendant's current attorney David Eldridge was appointed to represent Mr. Jones [Doc. 43]. The trial was also continued to March 10, 2009. The present motion and the proposed motions to suppress were filed on January 27, 2009, three (3) months after Mr. Eldridge appointment and six (6) weeks before trial.

## ANALYSIS

Rule 12(b)(3)(c) of the Federal Rules of Criminal Procedure, provides that motions to suppress evidence must be filed prior to trial. Rule 12(c) provides for the Court to set a deadline for filing such motions. Rule 12(e) provides that failure to file such a motion before the motion-filing deadline constitutes a waiver of the motion unless for good cause the Court grants relief from the waiver.

Here the defendant's deadline for filing motions was March 24, 2008, and was extended to April 7, 2008. No further extensions have been granted since that time. Defendant's failure to file these present motions before the deadline constitutes a waiver of the relief sought. The Court must therefore determine if there is good cause to grant relief from the waiver.

Most of the reasons proffered by defendant to support his request for leave to late-file

3

these two motions to suppress are specific to the evidence and alleged merit of each particular motion. However, there is a common thread that runs through both requests and the Motion For Leave To File Further Motions. That common thread can be found in the defendant's contention that both of these motions are "new" motions, arguing that they raise new issues that have not been raised in this case, and were not raised, litigated nor challenged in the prior suppression hearing. It is defendant's contention that these "new" issues concern the validity of the traffic stop and the validity of the dog sniff.

To the extent the defendant argues that the validity of the traffic stop and the validity of the alert by the drug dog were not previously raised or litigated, the Court disagrees. The issues of the validity of both the traffic stop and dog sniff were raised and litigated by the government as a necessary part of its proof of both a valid stop, and a valid search and seizure. The government had to establish a valid legal traffic stop by establishing probable cause for the stop. This it did by establishing that the tag light on defendant's car was not functioning at the time of the stop, violating the Knox County Code. However, a valid traffic stop alone would not suffice to justify the subsequent search of the car. The government had to establish probable cause to conduct this search. This it did by establishing a valid drug dog alert ("sniff") on the defendant's car and an appropriate search of the vehicle.

Despite the defendant's lack of challenge of either issue at the initial suppression hearing, it was still incumbent upon this Court to address these issues. The Court did this, finding probable cause for the traffic stop and probable cause for the search. Thus, defendant's contention that these matters have not been determined by the Court is erroneous. Accordingly, despite the defendant's couching the proposed Motions To Suppress as "new" or "additional" motions, in fact,

4

they both seek to challenge the prior probable cause findings made by this Court on both issues and the facts and evidence upon which they were based.

At the earlier suppression hearing, Officer Moore in discussing the basis for his traffic stop, testified that the defendant's tag light was not working and testified about discussions with defendant regarding that fact. From all the testimony, this Court found probable cause for the traffic stop [Doc. 24, pg. 9]. Now defendant seeks to introduce evidence "to call into question Officer Moore's asserted basis for the stop."

At the earlier hearing, the Court heard testimony regarding the qualifications of the drug dog Ares, his current certifications, and Officer Perry's qualifications and experience. The Court also heard testimony describing, and saw video footage showing, the dog sniff and Ares' alert on defendant's vehicle. Based on this testimony and evidence, the Court found probable cause for the search. Now, defendant also seeks to introduce evidence "to call into question the validity of Ares' certifications and Ares' and his handler Officer Perry's qualifications" and the alert.

Thus, despite defendant's argument to the contrary, there appears to be little to distinguish this case from United States v. Brian Keith Jones, No. 3:06-CR-149 [Doc. 39]. The issue is whether the defendant, at the prior hearing, had the opportunity to challenge these very issues and the obligation to contest such issues at that time. Whether the defendant did or did not avail himself of the opportunity to challenge certain issues at the earlier suppression hearing, is not the issue. Nor is the issue, the <u>extent</u> to which defendant may have availed himself of that opportunity before or the extent to which he seeks to do so now. Here defendant had both the opportunity and the obligation. Defendant had the opportunity to challenge the traffic stop by cross-examining Officer Moore on the tag light issue. Defendant also had the opportunity to call witnesses to testify

5

regarding the operation of the tag light after the traffic stop[1]. Furthermore, because the validity of the traffic stop was essential to the government's case and was premised on the tag light being out, defendant had an obligation to address, challenge, and contest that issue, at that time. Similarly, the defendant had the opportunity to challenge the dog sniff by cross-examining Officer Perry on that issue. Defendant also had the opportunity to challenge the qualifications of the drug dog[2] and the opportunity to challenge the dog's alert and the actions of Officer Perry[3]. Furthermore, because the validity of the dog sniff was essential to establishing probable cause for the ensuing search, defendant has an obligation to address, challenge, and contest that issue, at that time.

The Court, for the reasons expressed in Brian Keith Jones, finds that motions to late file motions and/or motions requesting the reopening of suppression hearings, which essentially seek to relitigate matters or issues already decided, when both the opportunity and obligation to challenge those matters was previously present, will generally not constitute good cause to present such late filing or reopening.

The reason for this dual mention of opportunity and obligation should seem obvious. For example, if a defendant, as here, had both the opportunity and obligation to challenge matters presented, but does not challenge these matters (at all or sufficiently), the defendant must be deemed

---

[1] At oral argument on the motions, defendant's counsel proffered that the witnesses he would call, if granted a new hearing on this issue, would be witnesses who would testify to the operation of the tag light after the traffic stop.

[2] Defendant's counsel has proffered that the evidence regarding the certification of this drug dog did not meet the requirements of the standards under which he was certified.

[3] Defendant's counsel has also proffered that he would call an expert witness who is expected to opine that based on the video, the dog did not exhibit a valid/certain alert (i.e., he did not complete the "sit position", this dog's alert position when the odor of narcotics is detected) and that Officer Perry may have cued the dog to respond to the vehicle.

6

to have waived that opportunity. To hold otherwise would have several negative effects and results. First, it would essentially nullify the motion-filing deadline and would allow no end to continuing and sequential motion filings. Second, allowing multiple "bites at the apple" would give an unfair advantage to defendants who have seen and heard the evidence and the witnesses testify. Third, it could promote "sand bagging" in the sense that a defendant could employ a strategy of raising only one issue, seeing if it was successful, and then raising another issue, after having the benefit of seeing the government's proof. Fourth, not only is the sequential filing of pretrial motions redundant, ineffective, and a waste of judicial resources, it is unduly burdensome to the government (not to mention the unfairness to government witnesses, who would be required to prepare and reappear each time) to produce witnesses and/or prove its case multiple times. It is also violative of the spirit of the Speedy Trial Act. The rules envision that a defendant will file all motions that can and should be filed within the motion-filing deadline.

The good cause exception to the Rule 12(e) waiver provision should generally be limited to those exceptional cases where a satisfactory showing is made that a particular motion was not filed because the information upon which the new motion is based was not obtainable at the time of the earlier motion.

Applying the above to this case, the Court finds that allowing defendant to now challenge the traffic stop and/or the dog sniff would allow him a second bite at these apples and permit his challenge to be made after the benefit of seeing the government's proof and hearing the witness testimony on these issues. Furthermore, it would be redundant and a waste of judicial and government resources as the same witnesses would necessarily have to testify again to the same matters. The only difference now would be that defendant's new attorney would be able to devise

7

a new cross-examination strategy and be able to put on rebuttal proof. The Court would then need to rule on the same issues it had already ruled on. To open the door to these types of motions would necessarily mean that even after all that, if the defendant sought yet another motion hearing on these same issues, claiming some additional evidence or that new witnesses would contradict prior testimony or evidence, then the Court would be obligated to allow that reopening, and so on ad infinitum.

Further, defendant does not allege that these issues could not have been litigated at the initial suppression motion hearing or that the evidence and witnesses now proffered were unobtainable. Although new counsel's efforts have located the tag light witnesses it is neither alleged, nor likely, that they were not available to be located at the time of the initial hearing. Similarly, with regard to the proffered expert witness, it is neither alleged, nor likely, that he was not available earlier. The remainder of the defendant's request appears merely to seek the opportunity to re-question the government's witnesses on these issues and make the government re-prove the probable cause already found by this Court. As such, defendant has not established good cause for the late filing of these motions.

In his supplemental clarification memorandum [Doc. 55], the defendant alleges the reason that his prior counsel did not pursue the tag light and dog sniff issues that he now seeks to raise is that his prior attorney was constitutionally ineffective. The defendant makes this assertion in response to this Court's reliance on United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004), vacated on other gnds, 543 U.S. 1111 (2005), in this Court's Report and Recommendation in Brian Keith Jones, 3:06-CR-149, [Doc. 39]. In Carter, the court held that the primary consideration in determining whether to reopen a suppression hearing is whether the non-moving party will be prejudiced by the reopening. 374 F.3d at 405. In assessing this prejudice, the court should assess

8

whether the movant's reason for not bringing the evidence in the initial hearing was reasonable and adequate. Id. In that case, Defendant Carter's new counsel alleged for the first time on appeal that the reason prior counsel did not present the evidence in the initial suppression hearing was that prior counsel gave the ineffective assistance of counsel. Id. The court did not reach the merits of the defendant's claim that prior counsel was constitutionally ineffective but, instead, held that the district court did not abuse its discretion in denying the reopening of the suppression hearing because the Sixth Circuit held the defendant had not raised the issue of ineffective assistance of counsel below. Id. In the present case, the Court questions whether the defendant is raising an ineffective assistance of counsel claim as a separate issue at this time. Instead, the Court perceives the defendant, in response to the analysis in Brian Keith Jones and Cater, to be alleging that ineffective assistance of counsel is the explanation for the defendant not raising the evidence/issues in the two proposed suppression motions at the original suppression hearing.

The Court finds that the inquiry into why the alleged "new " evidence or issues were not raised before is best subsumed by the analysis relating to the good cause provision of Rule 12(e) that the Court has set forth herein. Nothing in the record before the Court, including the assertions in the defendant's two proffered suppression motions, suggests to the Court that had prior counsel challenged the tag light and dog sniff issues with the additional cross-examination and rebuttal witnesses that present defense counsel now seeks to use, that there exists a reasonable likelihood that the result of either issue would change. This Court previously found probable cause for the traffic stop based on Officer Moore's testimony that the tag light was not working at the time of the traffic stop. The Court also viewed the video recording of the traffic stop on which the defendant disputed his responsibility for the light based upon his recent purchase of the car. On the video, the defendant did not protest or contend that the light was working at the time of the stop, even after the light was

9

pointed out to him and he engaged in discussions of where and how to get it fixed. The testimony of the defendant's proffered witnesses, who would state that his tag light functioned some time after the traffic stop, is not reasonably likely to change the Court's finding of probable cause on that issue because such testimony does not necessarily impeach the testimony that the tag light was not functioning at the time of the stop.

This Court also found probable cause for the search based on the alert by the drug dog Ares on the defendant's car. The Court found the training and credibility/reliability of Ares was established by Officer Perry's testimony and the exhibits regarding Ares' training and certification. The Court found the alert to be valid based on the testimony of Officer Perry, which was confirmed by the video footage of the dog sniff. The defendant's present proffer of an expert witness to question and/or opine on the certainty of Ares' sit (i.e., alert) and/or the sufficiency of the standards behind Ares' certification is not reasonably likely to change the Court's finding of probable cause for the search of the car. The Sixth Circuit has held that "[w]hen the evidence presented, whether testimony from the dog's trainer or records of the dog's training, establishes that the dog is generally certified as a drug detection dog, any other evidence, including the testimony of other experts, that may detract from the reliability of the dog's performance properly goes to the 'credibility' of the dog." United States v. Diaz, 25 F.3d 392, 394 (6th Cir. 1994); see also United States v. Boxley, 373 F.3d 759, 761 (6th Cir.) (concluding that "after it is shown that the dog is certified, all other evidence relating to his accuracy goes only to the credibility of the testimony, not to the dog's qualifications"), cert. denied 543 U.S. 972 (2004). The Court previously considered the issues of reliability and a valid alert when it reviewed the testimony, exhibits, and video footage of Ares' alert.

This analysis reveals that the alleged "new" evidence and "new" motions "reflect defendant's new counsel's different strategic choices about questioning [or producing] witnesses,

10

which is insufficient to warrant reopening a hearing." Untied States v. Watson, 391 F. Supp. 2d 89, 95 (D. D.C. 2005) (denying a motion to reopen a suppression hearing when alleged "new" evidence was neither "new or . . . unobtainable before the original suppression hearing was held"). In so finding, the Court makes no ruling on whether the defendant's prior counsel was constitutionally ineffective.

For the reasons given above, the defendant's Motion For Leave To File Further Motions **[Doc. 44]** is **DENIED**. The defendant is not permitted to file the two suppression motions, and thus, the Motion To Suppress Evidence As A Result Of Traffic Stop **[Doc. 47]** and the Motion To Suppress Evidence Seized As A Result of Dog Sniff **[Doc. 45]** are **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge