UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD EUGENE JONES, )<br>)<br>Defendant. ) | No.: 3:07-CR-162<br>(VARLAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

The defendant, Richard Eugene Jones ("Defendant"), is charged with one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). On January 27, 2009, Defendant filed his Motion for Leave to File Further Motions [Doc. 44], seeking to file two additional suppression motions in this matter. [*See* Docs. 45, 47.] The matter was referred to Magistrate Judge C. Clifford Shirley, Jr. for his consideration and determination or report and recommendation, as may be appropriate. [Doc. 50.] Following a series of hearings on this matter, Magistrate Judge Shirley entered a Memorandum and Order ("M & O") denying Defendant's Motion for Leave to File Further Motions. [Doc. 58.] This matter is now before the Court on Defendant's appeal of Magistrate Judge Shirley's M & O. [Doc. 61.]

I.  **BACKGROUND**

On December 4, 2007, Defendant was indicted for being a felon in possession of firearms. [Doc. 1.] The original pretrial motion deadline in this matter was set for March

24, 2008, [Doc. 8] and later extended to April 7, 2008. [Doc. 13.] Defendant's counsel, Mr. Kim Tollison ("Mr. Tollison"), then filed a timely motion to suppress contending that the evidence seized was the result of an illegal detention and search because (1) there was a delay that resulted in an illegal detention and (2) the arrest was without probable cause and illegal. [Doc. 14.] After a suppression hearing, Magistrate Judge Shirley entered a Report and Recommendation ("R & R") recommending denial of the motion to suppress. [Doc. 24.] After Defendant filed objections to the R & R [Doc. 30], Defendant's initial motion to suppress was denied by the Court. [Doc. 34.] There were no further requests for extending the pretrial motion deadline prior to entry of the pretrial order in this matter, which was entered on July 17, 2008. The pretrial order stated that "[n]o more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed." [Doc. 29 at 2.]

Mr. Tollison then moved to withdraw as Defendant's attorney, which was granted by Magistrate Judge Shirley. [Doc. 38, 39.] Defendant's next appointed attorney, Mr. G. Scott Green ("Mr. Green"), also withdrew as counsel. [Doc. 42.] Defendant's present counsel, Mr. David Eldridge ("Mr. Eldridge"), was then appointed on October 30, 2008. [Doc. 42.] On January 27, 2009, Mr. Eldridge filed the Motion for Leave to File Further Motions [Doc. 44], along with a Motion to Suppress Evidence Seized as a Result of Dog Sniff Search [Doc. 45] and Motion to Suppress Evidence Seized as a Result of Traffic Stop [Doc. 47], all of which Magistrate Judge Shirley denied on April 9, 2009. [Doc. 58.] On April 23, 2009,

2

Defendant appealed Magistrate Judge Shirley's decision denying the Motion for Leave to File Further Motions [Doc. 61] to the Court.

## II.     STANDARD OF REVIEW

Defendant has appealed this matter pursuant to Fed. R. Crim. P. 59 and 28 U.S.C. § 636(b), which provide that the Court may reconsider any pretrial matter where it is shown that the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed Magistrate Judge Shirley's M & O, which Defendant has appealed, under a clearly erroneous or contrary to law standard.  In doing so, the Court has carefully considered Magistrate Judge Shirley's M & O [Doc. 58], the underlying briefs [Docs. 44, 49, 51, 52, 55], and the parties' briefs for this appeal.  [Docs. 61, 62, 64.]  For the reasons set forth herein, the Court will deny Defendant's appeal and will affirm Magistrate Judge Shirley's M & O denying Defendant's Motion for Leave to File Further Motions.

## III.     ANALYSIS

Defendant appeals Magistrate Judge Shirley's denial of his request to file two additional motions to suppress evidence.  Under Fed. R. Crim. P. 12(b)(3)(c), a motion to suppress evidence must be filed before trial.  Fed. R. Crim. P. 12(c) provides that the court may "set a deadline for the parties to make pretrial motions and may also schedule a motion hearing."  Pertinent in this case, "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). *See also United States v. Collier*, 246 F. App'x 321, 336 (6th Cir. 2007) (discussing how claims not properly raised in accordance with Fed. R.

3

Crim. P. 12 are "firmly planted in principles of waiver"). However, "[f]or good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e).

In this case, Defendant's deadline for filing motions to suppress was March 24, 2008, and later extended to April 7, 2008. Because no further extensions were granted in this matter, Magistrate Judge Shirley determined in the M & O that Defendant's failure to file the two additional suppression motions before the deadline constituted a waiver of the relief sought. [Doc. 58 at 3.] Magistrate Judge Shirley then determined that "good cause" under Fed. R. Crim. P. 12(e) was lacking to relieve Defendant from this waiver. [*Id.*]

In support of his appeal, Defendant contends that Magistrate Judge Shirley's decision was clearly erroneous or contrary to law when applying the doctrine of estoppel to preclude Defendant from litigating the issues raised in his untimely motions to suppress. The Government counters that Defendant's reliance on estoppel doctrines is misplaced because Magistrate Judge Shirley did not find that Defendant was estopped from litigating an already litigated issue again. Rather, according to the Government, Magistrate Judge Shirley merely found that "good cause" must be shown to relieve a party from its previous waiver and that Defendant had failed to make such a showing.

While Defendant argues that Magistrate Judge Shirley erred by relying on the theory of estoppel or concerns for judicial economy, the Court disagrees with this characterization of the analysis in the M & O. In discussing the concerns with relitigating issues and judicial resources, Magistrate Judge Shirley did so in the context of determining the applicability of the "good cause" exception in Fed. R. Crim. P. 12(e) under the facts of this case. The

4

discussion of these concerns merely provided the reasoning behind the narrow "good cause" exception and explained why the reasons relied on by Defendant were insufficient to qualify for this exception. The Sixth Circuit has recognized the validity of a "good cause" determination before permitting untimely pretrial motions. *See, e.g., United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998); *United States v. Musick*, 291 F. App'x 706, 723 (6th Cir. 2008). Thus, there was no clear error when Magistrate Judge Shirley discussed the concerns of relitigating issues and judicial resources, which were simply part of the analysis for the "good cause" exception.

In the M & O, Magistrate Judge Shirley found that "good cause" was lacking despite Defendant's claims that the issues in his additional suppression motions were "new." Defendant identified these issues as (1) the validity of the traffic stop that resulted in a later search of the vehicle and (2) the validity of the narcotics detection dog sniff and alleged alert that formed the basis for the search of the vehicle. In the M & O, Magistrate Judge Shirley recognized that "good cause" generally does not exist "when both the opportunity and obligation to challenge those matters was previously present." [Doc. 58 at 6.] Absent any new evidence or evidence that was unobtainable before the original suppression or any new issues that became relevant since the hearing, the reopening of a suppression hearing is unwarranted. *United States v. Jones*, No. 3:06-CR-149, 2007 WL 3047120, at *14 (E.D. Tenn. Oct. 16, 2007) (citing *United States v. Watson*, 391 F. Supp. 2d 89, 94 (D.D.C. 2005). Magistrate Judge Shirley concluded that Defendant had not established "good cause" for the

5

late filing of his motions since it was not alleged or likely that such evidence was unavailable at the time of the initial hearing.

Magistrate Judge Shirley found that Defendant had the opportunity to challenge the untimely suppression issues when the Government discussed them as part of its necessary proof of both a valid stop and valid search and seizure for the initial suppression motion. Though Defendant contends that these issues have not been litigated because his prior counsel challenged only the duration of the stop and that these issues were decided "in a vacuum," the Court notes that the Government questioned Officer Adam Moore about why he stopped Defendant's vehicle as well as asked Officer Michael Perry to testify about the training and certification of the narcotics detection dog. [*See* Doc. 17 at 11, 52.] At that time, Defendant's prior counsel had the opportunity to further pursue these issues through cross-examination. Thus, these issues were raised by the Government and litigated at the initial suppression hearing. In *Jones*, a defendant unsuccessfully requested the opportunity to conduct additional cross-examination of a witness when the questions proposed could have been asked at the first suppression hearing. *Jones*, 2007 WL 3047120, at \*15.

Likewise in this case, Defendant had the opportunity to challenge these issues when the Government raised them at the initial suppression hearing. Though Defendant argues that the present case is distinguishable from *Jones* because the suppression issues he seeks to raise are different from those pursued by his prior counsel, the Court finds this argument unpersuasive considering that the Government directly questioned Officers Moore and Perry about these issues. Furthermore, the Court notes that these issues were discussed in

6

Magistrate Judge Shirley's Report and Recommendation for Defendant's initial suppression motion. [Doc. 24.] Because these issues were raised by the Government at the initial suppression hearing where Defendant had the opportunity to question and respond, this undermines Defendant's contention that Magistrate Judge Shirley's decision was made "in a vacuum."

Defendant argues that his waiver should be excused due to the alleged ineffective assistance of his prior attorney, Mr. Tollison. Thus, Defendant does not challenge Magistrate Judge Shirley's determination that these suppression issues could not have been litigated at the initial suppression motion hearing or that evidence he relies on was previously unobtainable. Rather, he attempts to argue that "good cause" exists because prior counsel did not pursue these issues prior to the pretrial motion deadline. In the M & O, Magistrate Judge Shirley declined to determine whether Defendant's prior counsel was constitutionally ineffective. Defendant contends that Magistrate Judge Shirley erred in doing so because the ineffective assistance claim cannot be separated from analysis of the "good cause" issue.

The Sixth Circuit has addressed the appropriateness of considering an ineffective assistance of counsel claim when a defendant attempts to show "good cause" to excuse waiver under Fed. R. Crim. P. 12(e). The Sixth Circuit previously recognized that "[i]neffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997) (citation omitted). In other words, ineffective assistance of counsel claims are generally not

7

considered when the record is insufficient to permit adequate review of such a claim. *United States v. Lopez-Medina*, 461 F.3d 724, 738 (6th Cir. 2006). Because the defendant in *Lopez-Medina* had failed to cite "any authority creating an exception to this general rule for ineffective assistance of counsel arguments raised for the purpose of showing 'good cause'" under Fed. R. Crim. P. 12(e), the Sixth Circuit concluded that the ineffective assistance claim was not ripe for review and that the defendant "cannot, at this point demonstrate 'good cause' to excuse his waiver under Rule 12(e)." *Lopez-Medina*, 461 F.3d 724 at 739. As a result, the Sixth Circuit held that the defendant's new suppression arguments had been waived within the meaning of Fed. R. Crim. P. 12(e). *Id.*

In this case, Defendant similarly contends that there is "good cause" for waiver due to the ineffective assistance of his prior counsel. However, for the reasons discussed in cases like *Lopez-Medina* and *King*, such claims are not ripe given the insufficiently developed record on this issue. As a result, it was not clearly erroneous or contrary to law when Magistrate Judge Shirley declined to address Defendant's claims of ineffective assistance of counsel as part of the analysis under Fed. R. Crim. P. 12(e). It was also not clearly erroneous or contrary to law for Magistrate Judge Shirley to conclude that Defendant had failed to demonstrate "good cause" to excuse his waiver under Fed. R. Crim. P. 12(e) when, as contended by Defendant, his waiver was due to his prior counsel's alleged ineffective assistance.

8

## IV. CONCLUSION

For the reasons set forth herein, Defendant Richard Eugene Jones' Appeal [Doc. 61] is hereby **DENIED**, and the Memorandum and Order denying the Motion for Leave to File Further Motions [Doc. 58] is hereby **AFFIRMED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:07-cr-00162-TAV-CCS   Document 65   Filed 05/27/09   Page 9 of 9   PageID #: 286